**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT FORTE, | Case No. 2:13-cv-06829-UA(AJWx) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO** |
| CHRISTINE BARBER, M.D.; | **DISQUALIFY MAGISTRATE** |
| DEPARTMENT OF CORRECTIONS & | **JUDGE [31]** |
| REHABILITATION; and BRUCE K. | |
| FACEHAR, | |
| Defendants. | |

Before the Court is Plaintiff Robert Forte's Motion to Disqualify Magistrate Judge. (ECF No. 31.) Forte is a state prisoner and representing himself in this matter. He argues that Magistrate Judge Andrew Wistrich should be disqualified for "fail[ing] to do his duty." For the reasons discussed below, the Court **DENIES** Forte's Motion.

On May 23, 2013, Forte initiated this suit against Defendants based on alleged Eighth Amendment violations. (ECF No. 1.) Forte alleges that he is more susceptible to contracting "Valley Fever," but that prison officials have ignored his requests for special accommodation to prevent him from contracting the disease.

Forte was denied leave to proceed in forma pauperis, and his Complaint was dismissed with prejudice on October 4, 2013. (ECF No. 18.) The Ninth Circuit reversed the dismissal with prejudice and remanded the action to district court so that

Forte could file an amended complaint to try and cure the deficiencies. (ECF No. 27.) On May 29, 2014, Magistrate Judge Wistrich issued an order setting a June 30, 2014 deadline for Forte to file an amended complaint. (ECF No. 30.) Magistrate Judge Wistrich also explained what is required of Forte to seek leave to proceed in forma pauperis. Forte filed this Motion to Disqualify on June 10, 2014. (ECF No. 31.)

The standard for disqualification of a federal judge is established by 28 U.S.C. §§ 144 and 455. In giving Forte the benefit of the doubt as a pro se movant, the Court construes his request under both statutes. Section 144 permits a party seeking disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. When determining the affidavit's legal sufficiency, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976). Further, the alleged bias must be from an extrajudicial source and "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455, a judge must disqualify herself in any proceeding in which one might reasonably question her impartiality. 28 U.S.C. § 455(a). But the substantive standard for recusal under §§ 144 and 455 is the same: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

Forte does not specifically address why he believes that the Court should recuse Magistrate Judge Wistrich under either §§ 144 or 455. But in any event, the Court finds that neither section compels Magistrate Judge Wistrich's disqualification.

Section 144 requires the movant to file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." § 144. Forte has filed no such

affidavit, thereby rendering his Motion procedurally defective. That failure is alone enough to deny his recusal Motion.

But even if Forte had properly filed an affidavit, he has not demonstrated that Magistrate Judge Wistrich exhibited any "personal bias or prejudice either against him or in favor any adverse party." *See* § 144. Rather, Forte only alleges that "the court will not do its duty to establish law and publish the law." His allegations lack specificity and appear to be based solely on his disagreement with Magistrate Judge Wistrich's application of the law prior to the Ninth Circuit reversal on procedural grounds. There is simply no basis for disqualification under § 144.

Section 455 governs mandatory self-recusal and largely overlaps with § 144. Forte likewise has not presented any evidence that Magistrate Judge Wistrich failed to recuse himself based on any of the factors enumerated in § 455. There is no indication that Magistrate Judge Wistrich has any bias or prejudice concerning any party to this action, he previously practiced as a lawyer in the matter, or has any financial interest in the outcome of Forte's case. § 455(a), (b).

The Court finds that no reasonable person could reasonably question Magistrate Judge Wistrich's impartiality. Therefore, the Court **DENIES** Forte's Motion to Disqualify. (ECF No. 31.)

**IT IS SO ORDERED.**

June 16, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**